# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

**FILED**

NO. 5:11-HC-2044-BO

DEC 0 8 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

VERNON M. SMITH, )
Petitioner, )
)
v. ) ORDER
)
JOYCE KORNEGAY, )
Respondent. )

Vernon M. Smith ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Joyce Kornegay ("respondent") moved for summary judgment based on untimeliness and filing outside the statute of limitations period (D.E. # 6). 28 U.S.C. § 2244(d)(1). Petitioner has responded (D.E. # 9), and the matter is ripe for determination.

I. Background

Petitioner is a prisoner of the State of North Carolina. On December 5, 2007, in the Superior Court of Martin County, petitioner was convicted after trial by jury of conspiracy to traffic in more than 400 grams of cocaine by possession. He was sentenced to the mandatory term 175-219 months imprisonment. Petitioner was represented at trial by Robert L. White. Petitioner appealed and on May 5, 2009, the North Carolina Court of Appeals issued an unpublished opinion finding no error. State v. Smith & Brown, 2009 N.C. App Lexis 510 (2009). On appeal petitioner was represented by John Keating Wiles. On April 7, 2010, petitioner filed a pro se habeas corpus petition in the North Carolina Court of Appeals. On April 8, 2010, the Court of Appeals denied the habeas corpus petition. On January 11, 2011, petitioner filed a pro se certiorari petition in the Supreme Court of North Carolina, seeking review of the Court of Appeals' order denying the state habeas corpus petition. Certiorari was dismissed on February 3,

2011, by order witnessed February 8, 2011. Petitioner dated his pro se federal habeas application form March 6, 2011, and filed it in this court on March 10, 2011.

II.    Issues

Petitioner asserts four claims: (1) his indictment was invalid; (2) his offense was within exclusive federal jurisdiction; (3) the statute in effect at the time of his crime defined possession of cocaine as a misdemeanor punishable as a Class I Felony and not as a Class D Felony for which he was punished; and (4) his sentence and fine are illegal.

III.   Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Case 5:11-hc-02044-BO    Document 11    Filed 12/08/11    Page 2 of 5

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on Tuesday, June 9, 2009, i.e., 35 days after the North Carolina Court of Appeal's May 5, 2009, opinion. See State v. Smith and Brown, 2009 N.C. App. Lexis 510 (2009) (unpublished); See N.C.R. of App. P., Rules 14(a) and 15(b) (2009) (15 days after issuance of Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review to Supreme Court of North Carolina); Rule 32(b) (2009) (unless court orders otherwise mandate issues 20 days after written opinion filed); see also, Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (conviction final on direct review 35 days after North Carolina Court of Appeals' opinion where petitioner does not file timely petition for discretionary review to Supreme Court of North Carolina), appeal dismissed, 145 Fed. App'x. 444 (4th Cir. 2005); and Headen v. Beck, 367 F. Supp. 2d 929 (M.D.N.C. 2005)

3

(same). Thereafter, petitioner did not file a timely notice of appeal or petition for discretionary review to the Supreme Court of North Carolina on direct appellate review. However, whether or not petitioner received the benefit of 90 additional days to file a certiorari petition to the Supreme Court of the United States under Supreme Court Rule 13.1, the outcome remains the same. Therefore, the court allows the 90 days without deciding the appropriateness of such inclusion.

Thus, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from Tuesday, June 9, 2009, plus 90 days or 212 days until he filed his pro se habeas corpus petition in the North Carolina Court of Appeals on April 7, 2010. Petitioner's one-year period remained tolled until the Court of Appeals denied the state habeas petition on April 8, 2010. Petitioner's one-year period of limitation resumed and fully expired on or about September 8, 2010. Because nothing was in place on that date to toll the expiration of the limitations period. the petition is out of time. The court notes that petitioner filed a pro se certiorari petition in the Supreme Court of North Carolina on January 11, 2011, but the statute has already run. This pro se federal habeas application form was dated March 6, 2011, and is out of time.

IV.    Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate  reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further.

4

Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

V.    Conclusion

Accordingly, Respondent's Motion for Summary Judgment (D.E. # 6) for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this ___ day of December 2011.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:11-hc-02044-BO   Document 11   Filed 12/08/11   Page 5 of 5